No. 82–277. SCHWIMMER, DBA SUPERSONIC ELECTRONICS CO. *v.* SONY CORPORATION OF AMERICA; and

No. 82–362. VENTURE TECHNOLOGY, INC. *v.* NATIONAL FUEL GAS DISTRIBUTION CORP. ET AL. C. A. 2d Cir. Certiorari denied. Reported below: No. 82–277, 677 F. 2d 946; No. 82–362, 685 F. 2d 41.

JUSTICE WHITE, dissenting.

The Court's refusal to review these cases is doubly inexplicable: they pose two substantial issues on which the lower courts are divided.

In both cases, juries found that respondents had conspired to impose a restraint of trade in violation of § 1 of the Sherman Act, 15 U. S. C. § 1. In *Schwimmer* v. *Sony Corp. of America*, 677 F. 2d 946 (CA2 1982), it was alleged that Sony, in conspiracy with certain retailers, terminated Schwimmer's dealership because it had sold Sony products to other dealers at lower than normal prices. In *Venture Technology, Inc.* v. *National Fuel Gas Distribution Corp.*, 685 F. 2d 41 (CA2 1982), the complaint was that respondent National Fuel Gas had conspired to prevent Venture Technology from entering the western New York gas production business. There was no direct evidence of conspiracy in either case; rather, the petitioners' cases were based on the respondents refusal to

deal with petitioners after receiving complaints from other companies.

On appeal, different panels of the Second Circuit reversed, holding that the evidence was insufficient as a matter of law to permit a jury to find that respondents had conspired. Relying on an earlier Second Circuit decision, *H. L. Moore Drug Exchange* v. *Eli Lilly & Co.*, 662 F. 2d 935, 941 (1981), cert. denied, *ante*, p. 880, both panels stated that "[e]ven where a termination follows the receipt of complaints from wholesalers or agents, there is no basis for inferring the existence of concerted action, absent some other evidence of a tacit understanding or agreement with them." *Schwimmer, supra,* at 953; *Venture Technology, supra,* at 45. This view of the evidence necessary to create a jury question under the Sherman Act is shared by the Third Circuit. *Edward J. Sweeney & Sons, Inc.* v. *Texaco, Inc.*, 637 F. 2d 105 (1980), cert. denied, 451 U. S. 911 (1981). The Seventh and the Eight Circuits, however, clearly reject this position. *Spray-Rite Service Corp.* v. *Monsanto Co.*, 684 F. 2d 1226, 1238–1239 (CA7 1982); *Battle* v. *Lubrizol Corp.*, 673 F. 2d 984 (CA8 1982).[1] Because illegal conspiracies can rarely be proved through evidence of explicit agreement, but must usually be established through inferences from the conduct of the alleged conspirators, this disagreement in the Circuits over the nature of proof required is especially significant.

This first conflict is parlayed by a second concerning the portion of the evidence a court is to consider in ruling upon a

---

[1] The opinion for the Seventh Circuit in *Spray-Rite Service Corp.* v. *Monsanto Co.*, 684 F. 2d, at 1238–1239, makes the conflict unmistakable:

"We believe . . . that proof of termination following competitor complaints is sufficient to support an inference of concerted action. In *Battle* v. *Lubrizol Corp.*, 673 F. 2d 984 (8th Cir. 1982), the Eighth Circuit declined to follow *Sweeney* and held that 'proof of a dealer's complaints to the manufacturer about a competitor dealer's price cutting and the manufacturer's action *in response* to such complaints would be sufficient to raise an inference of concerted action.' *Id.*, at 991 (emphasis in original). We agree" (footnote omitted).

motion for judgment notwithstanding the verdict. These cases indicate that it is the Second Circuit's practice to examine all of the evidence in a manner most favorable to the nonmoving party.[2] This is also the position of at least the Fifth and Seventh Circuits. *Boeing Co.* v. *Shipman*, 411 F. 2d 365, 374–375 (CA5 1969); *Panter* v. *Marshall Field & Co.*, 646 F. 2d 271, 281–282 (CA7 1981). In the Eighth Circuit, however, it appears that only evidence which supports the verdict winner is to be considered. *Simpson* v. *Skelly Oil Co.*, 371 F. 2d 563 (1967). The First and Third Circuits follow a middle ground: the reviewing court may consider uncontradicted, unimpeached evidence from disinterested witnesses. *Layne* v. *Vinzant*, 657 F. 2d 468, 472 (CA1 1981); *Inventive Music Ltd.* v. *Cohen*, 617 F. 2d 29, 33 (CA3 1980). Thus, the Federal Courts of Appeals follow three different approaches to determining whether evidence is sufficient to create a jury issue. See 9 C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 572 (1971). Because the scope of review will often be influential, if not dispositive, of a motion for judgment n.o.v., this disagreement among the Federal Courts of Appeals is of far more than academic interest.

For both these reasons, I would grant the petitions for certiorari.

---

[2] In *Schwimmer*, the court noted: "'If, however, *after viewing all the evidence* most favorably to plaintiff, we cannot say that the jury could reasonably have returned the verdict in his favor, our duty is to reverse the judgment below.'" 677 F. 2d, at 952, quoting *H. L. Moore Drug Exchange* v. *Eli Lilly & Co.*, 662 F. 2d 935, 941 (CA2 1981) (emphasis added), cert. denied, *ante*, p. 880.