795 F.2d 276
 43 Fair Empl.Prac.Cas. 173,
40 Empl. Prac. Dec. P 36,352
Frank C. BONURA, Joseph J. Guarascio, Bernard Lefkowitz and
Mary E. Mousseau as Executrix of the Estate of
Joseph E. Mousseau, deceased, Plaintiffs-Appellees,
v.
The CHASE MANHATTAN BANK, N.A., Defendant-Appellant.
 No. 1437, Docket 86-7243.
 United States Court of Appeals,
Second Circuit.
 Argued June 11, 1986.
Decided July 17, 1986.
 
 Ira A. Turret, New York City (Field, Lomenzo & Turret, P.C., Kevin J. Nolan, of counsel), for plaintiffs-appellees.
 Jeanne C. Miller, New York City (Chase Manhattan Bank, N.A., Litigation Div., Kent T. Stauffer, on brief, Laura Effel, of counsel) for defendant-appellant.
 Before OAKES, ALTIMARI, and MAHONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Chase Manhattan Bank, N.A. ("Chase") appeals from a judgment, entered upon a jury verdict in favor of appellees, Frank Bonura, Joseph Guarascio, and Mary Mousseau, as Executrix of the estate of Joseph E. Mousseau, in the amount of $588,629.41. The jury found appellant liable for willfully discriminating against appellees in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. ("ADEA").
 
 
 2
 Appellant contends that insufficient evidence of willful age discrimination was produced at trial, and thus that the jury verdict must be overturned as contrary to the evidence and based on speculation and conjecture.
 
 
 3
 When reviewing the denial of a judgment notwithstanding the verdict, this court performs "essentially the same" function as the trial court. Schwimmer v. Sony Corp. of America, 677 F.2d 946, 951 (2d Cir.) cert. denied, 459 U.S. 1007, 103 S.Ct. 362, 74 L.Ed.2d 398 (1982). This court must determine whether viewing the evidence in a light most favorable to the non-moving party, "(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." Mattivi v. South African Marine Corp., 618 F.2d 163, 168 (2d Cir.1980).
 
 
 4
 Upon reviewing all of the evidence presented at trial and drawing all permissible inferences in favor of appellant, we conclude that there was sufficient evidence supporting the jury's finding of willful age discrimination.
 
 
 5
 The jury reasonably could have found in appellee's favor based on the following evidence presented at trial: (1) positive employment evaluations and evidence of salary increases, (2) testimony demonstrating that the newly appointed supervisor frustrated their attempts to implement realistic business plans and established unrealistic performance goals in order to justify replacing them with younger, lower-salaried workers, (3) evidence indicating that appellant disregarded its internal Organization and Policy Guide, and (4) testimony that the personnel department hoped to hire "young, fast-trackers."
 
 
 6
 Appellees established a prima facie case of age discrimination by showing that they (1) were members of the protected class, (2) were qualified to hold their positions, (3) were discharged, and (4) were replaced by younger individuals. See Haskell v. Kaman Corp., 743 F.2d 113, 119 n. 1 (2d Cir.1984). More importantly, appellees presented evidence from which the jury reasonably could have concluded that the articulated reason for appellees' discharge, substandard performance, was merely a pretext for age discrimination, and that, in fact, age was the "determining factor." See Pena v. Brattleboro Retreat, 702 F.2d 322, 323-24 (2d Cir.1983).
 
 
 7
 Accordingly, we find that the jury legitimately could conclude that appellant willfully discriminated against appellees on the basis of age, and thus uphold the jury's verdict.