**Von PRICE, Plaintiff,**

v.

**ARKANSAS COLLEGE, Defendant.**

**No. B–C–86–83.**

United States District Court,
E.D. Arkansas, N.D.

March 25, 1988.

[redacted] 

[redacted]

Richard Quiggle, Little Rock, Ark., for plaintiff.

Jim Hunterbirch and Tim Be, Rose Law Firm, Little Rock, Ark., for defendant.

ORDER

HENRY WOODS, District Judge.

[redacted] Before the Court are two post-trial motions. First, defendant, Arkansas College, has filed a motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. Plaintiff, Von Price, maintains that the motion is premature in that no judgment has been entered in the case. Although plaintiff is correct in noting that no judgment has been entered in this case, one will be filed simultaneous to the entry of this order. Because we find that judicial economy would best be served by resolving that motion at this time, defendant's motion is timely.

[redacted] Defendant maintains that plaintiff failed to establish the fourth element of his prima facie case, namely, that it replaced him with someone else who could provide the same service or skill. In addition, Arkansas College alleges that Mr. Price offered no evidence to support the jury's finding of a willful violation of the Age Discrimination in Employment Act. With respect to defendant's request for the entry of judgment notwithstanding the verdict, we must: (1) consider the evidence in the light most favorable to plaintiff; (2) assume that all conflicts in the evidence were resolved by the jury in plaintiff's favor; (3) assume as proved all facts which his evidence tends to prove; (4) give him the benefit of all favorable inferences which may reasonably be drawn from the facts proved; and (5) deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence. *See Clements v. General Accident Insurance Co.*, 821 F.2d 489, 491 (8th Cir.1987); *Gilkerson v. Toastmaster, Inc.*, 770 F.2d 133, 136 (8th Cir.1985). Reviewing the facts in the case at bar in light of this standard, the Court finds that there was ample evidence to support the jury's findings on backpay and willfullness. Defendant's motion for judgment notwithstanding the verdict is therefore denied.

With respect to its motion for new trial, defendant realleges the arguments presented in his request for judgment notwithstanding the verdict, that being, Mr. Price failed to offer any evidence supporting the fourth element of his prima facie case and did not introduce evidence tending to support the jury's finding of willfullness. The authority to grant a new trial is entirely within the exercise of our discretion. *See Champeau v. Fruehauf Corp.*, 814 F.2d 1271, 1274 (8th Cir.1987). Making our own evaluation of the evidence offered at trial, the Court again finds that there was ample evidence to support the jury's findings. Accordingly, defendant's motion for new trial is denied.

[redacted] Second, plaintiff has submitted a motion seeking an award of prejudgment interest on the backpay given by the jury. Defendant objects to that request because such an award is contrary to controlling law in this Circuit. Although the case cited by defendant stands for the proposition that a prevailing litigant cannot recover both liquidated damages and prejudment interest, we nevertheless find that he is entitled to recover both liquidated damages and prejudgment interest on the backpay given by the jury.

The file reflects that at the close of all the evidence, and after deliberating, the jury found that defendant had willfully discriminated against Mr. Price on the basis of age, in violation of the Age Discrimina-

714

tion in Employment Act. Accordingly, the jury awarded him compensatory damages in the amount of $18,104.00 and liquidated damages in the amount of $18,104.00. The sole question we must resolve is whether he is entitled to prejudgment interest on the compensatory amount.

In *Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1101–03 (8th Cir.1982), the Court of Appeals for this Circuit refused to allow prejudgment interest on compensatory damages that are coupled with liquidated damages on the theory that the liquidated damages compensate plaintiff for "losses that cannot be calculated with certainty." Since the decision in *Gibson*, the United States Supreme Court has determined that liquidated damages under the Age Discrimination in Employment Act are not compensatory but are rather punitive in nature. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125–26, 105 S.Ct. 613, 623–24, 83 L.Ed.2d 523 (1985). " 'It follows, therefore, that prejudgment interest does not provide a double recovery to victims of age discrimination who have proven their entitlement to liquidated damages as well as backpay.' " *See Reichman v. Bonsignore, Brignati & Mazzotta*, 818 F.2d 278, 282 (2nd Cir.1987) [quoting *Bonura v. Chase Manhattan Bank*, 629 F.Supp. 353, 365 (S.D.N.Y.1986), *aff'd on other grounds*, 795 F.2d 276 (2nd Cir.1986) (per curiam)]. *See also Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, 1101–02 (11th Cir.1987); *Criswell v. Western Airlines, Inc.*, 709 F.2d 544, 556–57 (9th Cir. 1983), *aff'd on other grounds*, 472 U.S. 400, 105 S.Ct. 2743, 86 L.Ed.2d 321 (1985); *Meschino v. International Telephone & Telegraph Corp.*, 661 F.Supp. 254, 261 (S.D.N.Y.1987).

Given the foregoing, the Court finds that were the Court of Appeals for this Circuit now presented with this question, *Thurston* would compel it to reach a result contrary to that in *Gibson*. For that reason, we conclude that Mr. Price may recover both liquidated damages and prejudgment interest. The rate of prejudgment interest shall be equal to the post-judgment interest rate as calculated by the Clerk of the Court for the United States District Court, Eastern District of Arkansas, for June 3, 1986, the day of plaintiff's "constructive discharge." The Court has learned that the rate was 6.56 percent per annum. In so concluding, we grant his motion for prejudgment interest.