William L. **CHILDERS**, and all other similarly situated employees of the City of Eugene; Randy Wight; Dennis M. Baker; Bonnie Beck; Theodore A. Boss; Thomas A. Brett; Paul Dammen; Joe F. Estes, Jr.; Bret M. Freeman; Gerald B. Garriott; Rick Gillman; Randall B. Groves; Richard Hansen; Kenneth G. Heide; J.T. Parr; Bruce Perkins; David Wells Poppe; Philip Prince; Taylor Robertson; Matthew Shuler; Richard B. Straw; Charles Russell Tilby; Daniel Wirth; Gregory W. Zahar, Plaintiffs–Appellants,

v.

**CITY OF EUGENE**, Defendant–Appellee.

No. 96–35443.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 1997.*

Decided July 15, 1997.

---

\* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34–4.

John Hoag, Hoag, Garrettson, Goldberg & Fenrich, Eugene, OR, for the plaintiffs-appellants.

William F. Gary, Harrang Long Gary Rudnick, Eugene, OR, for the defendant-appellee.

Before: BOOCHEVER, BRUNETTI, and KOZINSKI, Circuit Judges.

BRUNETTI, Circuit Judge:

William L. Childers and all other similarly situated employees of the City of Eugene ("Appellants") filed a civil complaint seeking overtime compensation and liquidated damages alleging that Appellee City of Eugene ("the City") violated the overtime provisions of the Fair Labor Standards Act ("FLSA"). The district court found that Appellants were exempt employees not entitled to overtime pay and that the City was entitled to the window of corrections defense for its one-time suspension of an exempt employee in violation of the FLSA. We affirm.

## I.

Under the FLSA, an employer may not suspend an exempt employee without pay for a period of less than one week based upon performance deficiencies.[1] An exempt employee is one who is "employed in a bona fide executive, administrative, or professional capacity...." 29 U.S.C. § 207(a)(1). The administrative regulations promulgated pursuant to the FLSA establish both a duties test and a salary basis test for determining whether an employee is employed in a bona fide executive, administrative or professional capacity. *See* 29 C.F.R. § 541.118; 29 C.F.R. § 541.103. Appellants have historically been treated as exempt employees under the FLSA because they meet both the salary basis test set forth in 29 C.F.R. § 541.118 and the duties test set forth in 29 C.F.R. § 541.103. Appellants do not dispute the fact that they satisfy the duties test for exempt employees. *See* 29 C.F.R. § 541.103. However, Appellants allege that the City failed the "salary basis" test stated in 29 C.F.R. § 541.118 by docking the pay of an exempt employee in a position similar to Appellants' as a disciplinary measure.

In 1993, the City suspended an exempt employee without pay for four hours based upon performance and attendance problems. In 1995, that employee was reimbursed by the City for the dock in pay caused by his suspension. Such a suspension amounts to a violation of the salary basis test.

Prior to May 23, 1994, the City's policy did not expressly state that exempt employees were subject to suspension without pay. On

---

1. Section 541.118(a) provides, in pertinent part, that "the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work." 29 C.F.R. § 541.118(a). Thus, salaried employees may be suspended without pay for the period of a week but must be compensated where they are suspended for a period of less than a week.

May 23, 1994, the City changed its disciplinary policy to comply with the requirements imposed by the salary basis test under § 541.118(a), specifically providing that exempt employees are not subject to disciplinary suspensions for a period of less than a week.

■ Based upon the City's one-time suspension of an exempt employee in violation of the FLSA, Appellants contend that they are entitled to overtime pay under the FLSA because they were "subject to" the possibility of such a suspension in violation of 29 C.F.R. § 541.118(a) and thereby rendered nonexempt employees entitled to overtime compensation. The district court rejected Appellants' argument stating that "[n]o rational person would conclude, from a four hour suspension of one exempt employee over a ten year period, that all of the City's executive and management employees were really hourly wage earners instead of salaried employees."[2] We affirm the district court and conclude that Appellants' arguments are foreclosed by the Supreme Court's recent decision in *Auer v. Robbins,* — U.S. —, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997).

## II.

In *Auer v. Robbins,* the Supreme Court rejected a law suit by St. Louis police sergeants and a lieutenant to recover overtime pay under the FLSA. *Id.* The police officers argued that they were rendered nonexempt employees because their compensation could theoretically be reduced for a variety of disciplinary infractions related to the "quality or quantity" of their work. *Id.* at —, 117 S.Ct. at 908. The Police Manual at issue in *Auer* nominally subjected the officers to disciplinary deductions in pay and a single sergeant had actually been subjected to such a disciplinary deduction. *Id.* at —, 117 S.Ct. at 910.

In *Auer,* the Court adopted the Secretary of Labor's interpretation of the salary basis test, denying exempt status only when there is either an actual practice of making such disciplinary deductions in pay or an employment policy that creates a "significant likelihood" of such deductions. *Id.* at —, 117 S.Ct. at 911. Under this test, the mere fact that the police officers were nominally covered by the Manual and therefore might receive disciplinary deductions in pay was not enough to render them "subject to" disciplinary deductions within the meaning of the salary basis test. *Id.* Further, according to the Court, "[n]o clear inference can be drawn as to the likelihood of a sanction's being applied to employees such as petitioners. Nor, under the Secretary's approach, is such a likelihood established by a one-time deduction in a sergeant's pay, under unusual circumstances." *Id.* at — – —, 117 S.Ct. at 911–12. In adopting the Secretary's interpretation, the Court indicated that the "significant likelihood" test avoided "the imposition of massive and unanticipated overtime liability ... in situations in which a vague or broadly worded policy is nominally applicable to a whole range of personnel but is not 'significantly likely' to be invoked against salaried employees." *Id.* at —, 117 S.Ct. at 911.

Appellants argue that this case is controlled by our decision in *Abshire v. County of Kern,* 908 F.2d 483, 485 (9th Cir.1990), in which we held that an employment policy which nominally subjects exempt employees to deductions in pay for periods of less than a week renders those employees nonexempt under the salary basis test and therefore entitled to overtime compensation. *Abshire,* 908 F.2d at 485. *Auer* explicitly held that

2. Although two other employees were suspended without pay during the ten year period at issue, neither of those suspensions violated the FLSA. In 1991, a Parks and Recreation Supervisor was suspended for a one-week period. That suspension did not violate the FLSA provisions because suspensions in one-week increments are permissible under 29 C.F.R. § 541.118(a). 29 C.F.R. § 541.118(a) ("[A]n employee need not be paid for any workweek in which he performs no work."). In 1993, a patrol sergeant was suspended without pay for two days because he failed to respond to a reported traffic accident. The district court concluded that the patrol sergeant's suspension did not violate the FLSA because it was for a violation of a "major safety rule." Appellants do not challenge this ruling explicitly on appeal and, in any event, the district court correctly determined that the patrol sergeant's suspension was permissible under the FLSA.

the mere existence of such a policy, even when coupled with an actual violation of the salary basis test, does not render exempt employees nonexempt under the salary basis test. *Auer* therefore implicitly overrules *Abshire* and forecloses Appellant's arguments in this case.

Applying *Auer* to the present case, we conclude that the district court did not err in determining that Appellants were not rendered nonexempt by the City's one-time imposition of a disciplinary suspension on an exempt employee and lack of a policy forbidding disciplinary deductions in pay for exempt employees. Like the policy at issue in *Auer*, the City's policy prior to May 23, 1994 was written broadly to cover all regular City employees, both FLSA-exempt and nonexempt. The policy did not explicitly provide that exempt employees were subject to disciplinary deductions in pay. Rather, as in *Auer*, the policy may have referred only to nonexempt employees. *Id.* at ——, 117 S.Ct. at 911. Thus, under the pre-May 23, 1994 policy, exempt employees were "nominally" subject to disciplinary suspensions. Neither the City's policy nor the imposition of disciplinary deductions against a single exempt employee in a ten year period created a substantial likelihood that, or an issue of fact whether, exempt employees were "subject to" such sanctions and therefore rendered nonexempt under the FLSA. *Id.* at ——, 117 S.Ct. at 910.

### III.

FLSA provides a "window of corrections" defense to employers who unintentionally violate the salary basis test. Section 541.118(a)(6) provides that "where a deduction not permitted by [the salary basis test] is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future." 29 C.F.R. § 541.118(a)(6). The *Auer* court held that the window of corrections defense should apply where the deductions in question were *either* inadvertent *or* made for reasons other than lack of work. *Id.* at ——, 117 S.Ct. at 912 (emphasis added). The district court found that the City's suspension of one exempt employee in ten years reflected a "decidedly unintentional failure to adhere to § 541.118(a)'s requirements," entitling them to the window of corrections defense.

Our previous decision in *Abshire* held that an employer is not entitled to the window of corrections defense where an employment policy nominally subjects exempt employees to disciplinary suspensions. *Abshire,* 908 F.2d at 488–89. This holding in *Abshire,* like the salary basis test holding discussed above, is also implicitly overruled by *Auer* which allowed the defense under those circumstances. —— U.S. at ——, 117 S.Ct. at 912.

 In this case, the City has reimbursed the suspended employee and has made every effort to comply with the FLSA's requirements, including adopting a disciplinary policy forbidding the suspension of any exempt employee for a period of less than one week. The district court did not err in concluding that the City was entitled to the window of corrections defense.

AFFIRMED.