UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDWARD GABRIELSON; ROY R.
AUSTIN; JAMES D. CALDWELL;
REBECCA HACKNEY; MICHAEL JOSEPH
SAUPP; JAMES M. SCHWEITZER,
<u>Plaintiffs-Appellees,</u>

v.                                                                  No. 95-3170

ARLINGTON COUNTY, VIRGINIA;
ARLINGTON COUNTY POLICE
DEPARTMENT,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Thomas Rawles Jones, Jr., Magistrate Judge.
(CA-95-484-A)

Argued May 6, 1996

Decided: April 27, 1998

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Patrick McElligott, Jr., MCGUIRE, WOODS,
BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellants.

Michael Tarcissius Leibig, ZWERDLING, PAUL, LEIBIG, KAHN, THOMPSON & WOLLY, P.C., Fairfax, Virginia, for Appellees. **ON BRIEF:** Scott S. Cairns, David F. Dabbs, MCGUIRE, WOODS, BATTLE & BOOTH, L.L.P., Richmond, Virginia; Lisa Bryant Fowler, OFFICE OF THE COUNTY ATTORNEY, Arlington, Virginia, for Appellants. Carla Markim Siegel, ZWERDLING, PAUL, LEIBIG, KAHN, THOMPSON & WOLLY, P.C., Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In April 1995, six former or then-current Arlington County police sergeants filed this action to recover overtime wages to which they claimed they were entitled under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. The district court ruled that the sergeants were not paid "on a salary basis," and, therefore, they were not exempt from the FLSA's overtime provisions as "executive" or "administrative" employees.[1] The County appeals. After having twice placed this appeal in abeyance to await decisions in other cases, we now hold that the sergeants were paid "on a salary basis."

I

The FLSA mandates that most employees be paid time-and-a-half for hours worked in excess of 40 in a week. See 29 U.S.C.

_____

[1] After this ruling, the parties stipulated the sergeants' wage rates and hours worked, and a final order was entered that granted judgment to each of the sergeants in amounts ranging from $11,260 (Gabrielson) to $162 (Schweitzer), plus attorneys' fees and costs to the sergeants for $29,814.06.

2

§ 207(a)(1). Exempted from the overtime provisions is "any employee employed in a bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. § 213(a)(1). In order to obtain the benefit of such an exemption, an employer must demonstrate that the employee meets both a duties test and a salary test. <u>See</u> 29 C.F.R. §§ 541.1-541.3 (1995). The salary test is met if (1) the employee is compensated at a certain level (it is undisputed that the sergeants meet this part of the test) and (2) he is paid "on a salary basis." We are concerned here with only the latter requirement. More particularly, our focus is on an interpretative regulation providing that a personnel rule or policy that permits pay deductions for disciplinary reasons is inconsistent with a finding that an employee subject to such deduction is paid "on a salary basis":

> An employee will be considered to be paid on a salary basis within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly or less frequent basis, a predetermined amount constituting all or part of his compensation, <u>which amount is not subject to reduction because of variations in the quality or quantity of the work performed</u>.

29 C.F.R. § 541.118(a) (emphasis added).

The Arlington police department regulations provided that all employees could be disciplined by suspensions without pay "for a length of time as [the Chief of Police] considers appropriate . . . ." J.A. 20, 22 (Arlington County Police Dep't Procedure #511.02). The district court held that, even though this disciplinary measure was never used, the sergeants were still "subject to" such deductions and, therefore, the sergeants were not paid "on a salary basis." While this indeed was the rule in a number of jurisdictions, <u>see</u>, <u>e.g.</u>, <u>Klein v. Rush-Presbyterian-St. Luke's Medical Ctr.</u>, 990 F.2d 279, 285 (7th Cir. 1993), the rule was subsequently addressed by the opinion in <u>Auer v. Robbins</u>, 117 S. Ct. 905 (1997).**2** Our task, then, is to determine if <u>Auer</u> applies here.

_____

**2** Some weeks after this appeal was argued, the Supreme Court granted certiorari in <u>Auer v. Robbins</u>, 116 S. Ct. 2545 (June 24, 1996), which also

II

The issue in <u>Auer</u> was whether the "salary-basis" test could be met when the employer had in place a policy under which the employees in question were at least nominally "subject to" disciplinary deductions in pay. The Secretary of Labor's interpretation of the salary-basis test, which the Court found to be entitled to <u>Chevron</u>[3] deference, was characterized by the Court as

> deny[ing] exempt status when employees are covered by a policy that permits disciplinary or other deductions in pay "as a practical matter." That standard is met, the Secretary says, if there is either an actual practice of making such deductions or an employment policy that creates a "signifi-

_____

involved the FLSA's overtime exemption for police sergeants "subject to" disciplinary suspensions without pay. We held our case in abeyance pending the decision in <u>Auer</u>, which arrived on February 19, 1997. Thereafter, we requested and received supplemental briefing on the effect of <u>Auer</u> on our case. Our decision was delayed again when another panel of our court requested supplemental briefing and reargument in <u>West v. Anne Arundel County</u>, No. 96-1251, on the constitutionality of the application of the FLSA's overtime provisions to EMTs employed by the County. Inasmuch as the same constitutional issue was being raised in our case (although it was never reached by the district court), we again held our case in abeyance.

On February 18, 1998, we held that "the application of the FLSA to [a] County Fire Department presents no constitutional defect." <u>West v. Anne Arundel County</u>, ___ F.3d ___, 1998 WL 64079 (4th Cir.). Although Arlington County's constitutional argument appears to be identical to that rejected in <u>West</u>, it is unnecessary at this point to reach the issue because it may turn out, depending on the outcome of the duties test, that the sergeants are exempt from the overtime provisions. <u>See</u> <u>Jimenez v. BP Oil, Inc.</u>, 853 F.2d 268, 270 (4th Cir. 1988) ("It is well established that a court should avoid deciding a constitutional question when it can dispose of a case on another basis.") (citing <u>Ashwander v. Tennessee Valley Authority</u>, 297 U.S. 288, 346 (1936) (Brandeis, J., concurring)).

[3] <u>**Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.**</u>, 467 U.S. 837, 842-43 (1984).

4

cant likelihood" of such deductions. The Secretary's approach rejects a wooden requirement of actual deductions, but in their absence it requires a clear and particularized policy--one which "effectively communicates" that deductions will be made in specified circumstances.

Auer, 117 S. Ct. at 911 (quoting Secretary of Labor's brief as amicus curiae). The sergeants' attempt to distinguish Auer is unavailing.

Although the sergeants were at least technically covered by the policy that permitted the Chief of Police to impose disciplinary deductions, Arlington County had never made such a deduction from a sergeant's wages. Moreover, there is nothing in the Arlington County policy that would indicate that pay deductions are in any way "the anticipated form of punishment" of sergeants who commit any of the listed transgressions. Id. As was the case in Auer, no particular disciplinary measure is mandated for any of the listed violations, and there is nothing to indicate that sergeants should have expected a deduction in pay for any violation. As we explained in one of our first post-Auer decisions,

> [b]ecause the disciplinary policy at issue in Auer governed all employees alike, salaried and nonsalaried, it did not "effectively communicate" a "significant likelihood" of disciplinary pay deductions for salaried employees. 117 S.Ct. at 911. Likewise in the instant case, plaintiffs themselves assert that Lieutenants and Captains "are subject to the same disciplinary rules and regulations and are subject to the same potential disciplinary measures" as other employees. Thus, as in Auer, this general policy does not defeat salary basis. Id.; accord Stanley v. City of Tracy, 120 F.3d 179, 184 (9th Cir. 1997); Balgowan v. New Jersey, 115 F.3d 214, 219 (3d Cir. 1997).

West, ___ F.3d ___, 1998 WL 64079 *8; accord Childers v. City of Eugene, 120 F.3d 944, 946-47 (9th Cir. 1997); Ahern v. County of Nassau, 118 F.3d 118, 121-22 (2d Cir. 1997); Carpenter v. City & County of Denver, 115 F.3d 765 (10th Cir. 1997); but cf. Bowman v. City of Indianapolis, 133 F.3d 513, 516-18 (7th Cir. 1998) (holding that a department-wide policy that allowed disciplinary deductions

5

was sufficient to defeat salary-basis test). The judgment below simply cannot stand in the face of Auer and West.

We conclude, then, that the sergeants were paid"on a salary basis" for purposes of the overtime provisions of the FLSA. Accordingly, we vacate the judgment below and remand for consideration of the duties test and for such other proceedings as the district court deems necessary in light of this opinion.**4**

VACATED AND REMANDED

_____

**4** Because of our decision that the salary-basis test has been met, we need not reach the "window of correction" issue (29 C.F.R. § 541.118(a)(6)) raised by the County.

6