ABRAMO, et al., Plaintiff–Appellant,

v.

The CITY OF NEW YORK, et al., Respondent–Appellee.

Kelly, et al., Plaintiff–Appellant,

v.

The City of New York, et al., Defendant–Appellee.

Meringolo, et al., Plaintiff–Appellant,

v.

The City of New York, et al., Defendant–Appellee.

Docket Nos. 01–9233, 01–9230, 01–9232.

United States Court of Appeals, Second Circuit.

Jan. 6, 2003.

Jules Bernstein, Bernstein & Lipsett, Washington, D.C. (Linda Lipsett and Alan M. Nelson, on the brief), for Plaintiffs–Appellants.

Marilyn Richter, Assistant Corporation Counsel for the City of New York (Michael A. Cardozo, Corporation Counsel, on the brief), for Defendants–Appellees.

Present CALABRESI, POOLER and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and the order of the District Court are **AFFIRMED.**

Plaintiffs-appellants appeal from a judgment and an order of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*), granting the defendants-appellees' motions for summary judgment and dismissing the plaintiffs-appellants' three complaints. The District Court found that the plaintiffs-appellants (the "Employees")—all of whom are either present or former (1) New York City Police Department sergeants, lieutenants, captains, or deputy inspectors (the *Kelly* and *Abramo* plaintiffs-appellants) or (2) Department of Correction ("DOC") correction captains (the *Meringolo* plaintiffs-appellants)—were salaried employees and thus exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. On appeal, the Employees challenge the District Court's (1) determination that their Employers—the City of New York, the Police Department, and the DOC—did not engage in an actual practice of impermissible suspensions without pay, (2) denial of additional discovery, and (3) finding that the Employers could avail themselves of a window of correction pursuant to 29 C.F.R. § 541.118(a)(6).

We review a grant of summary judgment *de novo. Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.2000). We

thus resolve all ambiguities and draw all inferences in favor of the non-moving party and then determine the existence of material factual disputes. *See Gallo v. Prudential Residential Servs., Ltd. Partnership*, 22 F.3d 1219, 1223–24 (2d Cir. 1994).

The FLSA requires employers to pay employees overtime wages, at the rate of time and a half, for hours worked in excess of 40 hours in a single week. 29 U.S.C. § 207. Under the FLSA, however, employees who are "employed in a bona fide executive, administrative, or professional capacity ... as such terms are defined and delimited ... by regulations of the Secretary [of Labor]" are not covered by the FLSA's overtime requirements. 29 U.S.C. § 213(a)(1). In order to exempt an employee from the FLSA's overtime requirements, an employer must meet the Secretary of Labor's "salary test," under which the employee must be paid "on a salary basis":

(a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or party of his compensation *which amount is not subject to reduction because of variations in the quality or quantity of the work performed.* Subject to the exceptions provided below, the employee must receive *his full salary for any week in which he performs any work* without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any work-week in which he performs no work. . . .

(5) Penalties imposed in good faith for infractions of safety rules of major significance will not affect the employee's salaried status. Safety rules of major significance include only those relating to the prevention of serious danger to the plant, or other employees, such as rules prohibiting smoking in explosive plants, oil refineries, and coal mines.

29 C.F.R. § 541.118 (emphases added). Thus, an employer can only reduce a salaried employee's pay for part of a work week if there is an infraction of a safety rule of major significance.

In *Auer v. Robbins*, the U.S. Supreme Court found that, for an employer of purportedly salaried employees to fall under the FLSA's overtime requirements, the employer must engage in an "actual practice" or have "an employment policy that creates a significant likelihood" of docking employee compensation for behavior *other than* infractions of safety rules of major significance. 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997); *see also Ahern v. County of Nassau*, 118 F.3d 118, 121–22 (2d Cir.1997). Here, the Employees fail to press on appeal the argument that there was not "an employment policy that creates a significant likelihood" of impermissible pay deductions and pin their hopes on the issue of "actual practice," contending that their Employers imposed partial-week disciplinary suspensions despite the salary basis test's requirement that a salaried employee receive "his full salary for any week in which he performs any work." 29 C.F.R. § 541.118(a).

In *Yourman v. Giuliani*, we stated that "the existence *vel non* of an 'actual practice' of imposing pay deductions cannot be decided by the simple expedient of dividing the number of impermissible deductions by the number of managerial employees." 229 F.3d 124, 130 (2d Cir.2000), *cert. denied*, 532 U.S. 923, 121 S.Ct. 1362, 149 L.Ed.2d 291 (2001). Specifically, *Yourman* requires the consideration of additional factors "such as the number of times

that other forms of discipline are imposed, the number of employee infractions warranting discipline, the existence of policies favoring or disfavoring pay deductions, the process by which sanctions are determined, and the degree of discretion held by the disciplining authority." *Id.*

In the instant case, however, the Employees, since they did not file a timely 56.1(c) statement, must be treated as having admitted that the *Yourman* factors ran against them. Specifically, they must be treated as having admitted that (1) disciplinary punishments were rare; (2) conduct deserving of discipline was rare; (3) minor violations usually resulted in informal punishments, such as warnings; (4) suspensions without pay were imposed after negotiations with the individuals who had committed infractions; and (5) in such negotiations, these individuals were represented by union-supplied counsel. *See* Local Civil Rule 56.1(c) ("[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party").

The Employees argue that (1) the mere possibility of impermissible deductions under the Employers' disciplinary policies demonstrated the existence of an "actual practice" of the imposition of such deductions and (2) the Employers' change in policy prohibiting mid-week impositions of suspensions without pay indicated that their prior policies did not satisfy the "salary basis" test. We disagree. The fact that the Employers' disciplinary policies technically allowed impermissible deductions has some probative value, but not enough to establish a genuine question of material fact as to the existence of an "actual practice." Likewise, we do not find the Employers' prohibition of suspensions without pay that start in the middle of the week—a policy change articulated in Police Department Interim Order 31 and DOC Memorandum Number 01/99, adopted on May 27, 1999—to be sufficiently indicative of a prior "actual practice" of imposing impermissible pay deductions to avoid summary judgment. *See Childers v. City of Eugene*, 120 F.3d 944, 947 (9th Cir.1997).

Upon engaging in the analysis required by *Yourman*, 229 F.3d 124, 130, we agree with the District Court's decision that, given (1) the paucity of impermissible deductions, (2) the infrequency of disciplinary action, (3) rare disciplinary rule infractions, (4) the Employers' emphasis on informal punishments, and (4) negotiated suspensions in which offending Employees received legal representation, there was no genuine issue of material fact as to the existence of an actual practice of impermissible pay deductions. Thus, there was no genuine issue of material fact as to whether the Employees were exempt from FLSA's overtime requirements, and the District Court's grant of the Employers' motion for summary judgment was correct.

Although summary judgment should "be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), we cannot agree with the Employees' contention that, in the wake of *Yourman*, more discovery was necessary. As the District Court noted, there had already been 10 years of discovery prior to *Yourman*. Given the extensive factual record, the District Court did not abuse its discretion in denying additional discovery to the Employees.

When an impermissible deduction "is inadvertent, or is made for reasons other than lack of work," an employer may re-

store an employee's exemption by reimbursing the employee and promising to comply with the FLSA exemption regime in the future. 29 C.F.R. § 541.118(a)(6). The City has submitted declarations promising (1) to reimburse Employees who have been improperly docked pay and (2) to comply with exemption requirements in the future. Under these circumstances, we find that the Employers may take advantage of the window of correction provided in 29 C.F.R. § 541.118(a)(6).

We have considered the appellants' other contentions and find them to be without merit. Accordingly, we **AFFIRM** the District Court's grant of summary judgment and dismissal of the complaints.